38

United States District Court
Southern District of Texas
ENTERED

MAY 28 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RALPH D. PARDUE, JR., § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-98-025 |
| M. KARL, WARDEN ANDERSON, § | |
| CAPTAIN BARRERA AND § | |
| M. ARREDONDO § | |
| Defendants § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Prisoner filed §1983 / §2254 action for reinstatement of good time lost in a prison disciplinary hearing.

### PARTIES[1]

1.  Plaintiff Ralph Pardue (Pardue) is a former inmate of the Willacy County Unit (Willacy) in Raymondville, Texas.

2.  Defendant Anderson (Anderson) is Warden of the Willacy County Unit.

3.  Defendant Captain Barrera (Barrera) is a corrections officer in the Willacy County Unit.

4.  Defendant M. Arredondo (Arredondo) is a corrections officer in the Willacy County Unit.

5.  M. Karl (Karl) is the Regional Director of the Texas Department of Criminal Justice. (TDCJ) Karl successfully quashed service of process and has not been given new service. As such, he is no longer a party to this case.

---

[1] In his Motion to Amend Original Complaint, Pardue attempted to add three additional parties to the suit: Sergeant Prudena, Major Bravo, and Wayne Calabrese. However, these parties were not included in Plaintiffs Amended Complaint, nor were they served with process. As such, they are not parties to this case.

1

## BACKGROUND

Pardue is a former inmate of the Willacy County Unit. On September 23, 1997, Pardue allegedly delivered a letter soliciting sexual favors to Arredondo at the picket window where she was stationed. Such action was a violation of prison regulations. Arredondo retained the letter and filed a written report of Plaintiff's behavior. When confronted about the incident, Pardue admitted that he wrote the letter, but denied that he gave it to Arredondo. Pardue asserts that the letter was intended for someone else, and that he threw the letter away at the picket window. Formal charges were brought against Pardue, and he was subsequently given a disciplinary hearing.

The hearing was held on September 29, 1997. Barrera served as the presiding officer, and Pardue was represented by counsel substitute. Pardue pled not guilty, introduced no evidence, and did not testify other than to state that he did not deliver the letter. Barrera found Pardue guilty, and recommended that Pardue lose 525 days of good behavior time and be reduced from class S4 "trustworthy" to class L2.

Pardue appealed the decision to Anderson, the Willacy warden, in a Step I grievance. Anderson denied the Step I grievance. Plaintiff appealed the denial of his Step I grievance to Karl, the Regional Director of the Texas Department of Criminal Justice, in a Step II grievance. Karl denied the Step II greivance.

Pardue then brought suit against Anderson, Barrera, Arredondo, and Karl. Karl successfully quashed service of process, and is no longer a party to the case.

Pardue is suing Defendants in their official and individual capacities under 42 U.S.C. §1983, and asserts that the following acts violated his First, Fifth, Eighth, and Fourteenth Amendment Rights:

1. Pardue was denied a copy of the letter for use at his hearing;
2. Arredondo filed a false disciplinary charge against him;
3. Barrera was not "neutral and detached" when he presided over Plaintiff's hearing because he conducted the initial investigation;
4. Barrera found him guilty on insufficient evidence;
5. Barrera did not give him an opportunity to present evidence;

6. Barrera's taking of Plaintiff's good time deprived Plaintiff of his "constitutional expectancy of early release";

7. Barrera took more good behavior time than Plaintiff had accrued;

8. Anderson denied his Step I complaint;

9. Karl denied his Step II complaint.

Alternatively, Pardue asserts that his 42 U.S.C. §1983 suit should be construed as a petition for habeas corpus relief under 28 U.S.C. §2254. Pardue seeks reinstatement of 545 days of good behavior time, return to his S4 status, and removal of the disciplinary case from his record.

Defendants Anderson, Barrera, and Arredondo have filed a Motion to Dismiss and/or Motion for Summary Judgment.

For reasons set forth below, summary judgment for the Defendants should be GRANTED.

## SUMMARY JUDGMENT

Summary judgment is proper when the pleadings and evidence show no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).

## ANALYSIS

### §1983 Claim

Pardue has alleged that the above constitutional violations entitle him to the requested relief under §1983.

A prisoner cannot recover good time credits lost in a prison disciplinary proceeding under 42 U.S.C. §1983. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998). The sole remedy for an inmate seeking restoration of lost good time credits is a writ of habeas corpus. *Preiser*, 411 U.S. at 500.

S4 status and the presence of the disciplinary case on Pardue's record are factors which affect the amount of good behavior time Pardue has earned. *See* Plaintiff's Objection to

3

Defendant's Motion for Summary Judgment, Exhibit 4-A, 4-B. As such, Pardue's suit is primarily for the loss of good time.

Because Pardue seeks to recover good time lost in a disciplinary proceeding via a §1983 suit, and *Preiser* prohibits such a suit, Pardue has failed to raise a genuine issue of material fact. Therefore, Defendants' Motion for Summary Judgment on the §1983 claim should be GRANTED.

**§2254 Habeas Relief**

Pardue alternatively contends that his §1983 suit should be treated as a writ for habeas corpus relief under §2254.

A Court may treat a §1983 claim as a §2254 writ of habeas corpus where a prisoner: (1) is challenging the fact and duration of their confinement; and (2) has exhausted their state habeas remedies. *Broussard v. Johnson*, 918 F.Supp. 1040, 1043 (E.D. Tex. 1996). A prisoner challenges the fact and duration of their confinement if he attacks a single allegedly defective disciplinary hearing. *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). A prisoner exhausts state habeas remedies by pursuing the TDCJ's internal grievance procedures. *Gartrell v. Gaylor*, 981 F.2d 254, 258 n. 3 (5th Cir. 1993).

Here, Pardue is challenging the results of a single disciplinary hearing. As such, under *Alexander*, he is challenging the fact and duration of his confinement. Furthermore, Pardue has pursued Step I and II appeals, in compliance with the TDCJ grievance procedures. Thus, under *Gartrell*, he appears to have exhausted his state habeas remedies. Therefore, it is proper to treat Pardue's §1983 claim as a §2254 writ of habeas corpus.

However, a court may not prematurely grant a writ of habeas corpus in the same order that converts an action from a §1983 to a §2254 without providing the State an opportunity to address any defenses unique to the habeas context. *Broussard v. Johnson*, 918 F.Supp. 1040, 1046 (E.D. Tex. 1996). The appropriate remedy is to grant the state twenty days to show cause why the applications for the writ of habeas corpus should not be granted. *Broussard*, 918 F.Supp. at 1046.

## RECOMMENDATION

For the reasons set forth above, Defendants Motion for Summary Judgment on the §1983 claim should be GRANTED.

Further, Plaintiff's request for relief under §1983 should be treated as a claim for habeas corpus relief under §2254.

Finally, the State of Texas should be ORDERED to SHOW CAUSE why the application for the writ of habeas corpus submitted by Ralph Pardue should not be granted. The State should be granted twenty days from the date of service of this order within which to reply.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 25th day of May, 1999.

_____
Felix Recio
United States Magistrate Judge

5