United States District Court
Southern District of Texas
ENTERED

AUG 18 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

54

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

RALPH D. PARDUE, JR.                    §
     Petitioner,                   §
                  §
v.                                      §        CIVIL ACTION NO. B-98-025
                  §
M. KARL, WARDEN ANDERSON,               §
CAPTAIN BARRERA AND                     §
M. ARREDONDO                            §

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above referenced cause of action. After de novo review of the entire file, it is the opinion of this Court that the Report and Recommendation should be and is hereby **ADOPTED**.

Therefore, it is **ORDERED** that Defendant's Motion for Summary Judgment as to the 42 U.S.C. § 1983 cause of action is hereby **GRANTED** and petitioner's claims will now be treated as a petition for habeas corpus relief under 28 U.S.C. § 2254. Accordingly, this court makes the following determinations in regards to Pardue's claims.

Pardue was the subject of a prison disciplinary proceeding which deprived him of all his accumulated good time. He has challenged the disciplinary proceeding as a violation of his right to due process derived through the 14th Amendment. Petitioner seeks no monetary damages and is solely asking this Court to restore his good time.

The Constitution does not itself guarantee good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed2d 935 (1974). But, when a state creates a right to good time and recognizes its deprivation as a sanction, the

prisoner's interest is treated as a "liberty" interest entitled to the minimum requirements for due process. *Id.* at 557. In this case, this Court finds that petitioner's loss of good time credit is a "liberty" interest invoking Fourteenth Amendment protections. Disciplinary proceedings affecting a protected good-time credit must be conducted in conformance with certain requirements. In a prison disciplinary proceeding, when an inmate is punished with loss of good time, an inmate is entitled to: 1) advance written notice (at least 24 hours in advance) of the charges against him 2) a written statement of the factfinders as to evidence relied upon and reasons for the disciplinary action taken and 3) an opportunity to call witnesses and present documentary evidence so long as doing so does not constitute a security risk. *Id.* at 563-67.

A review of the hearing afforded petitioner reveals that in fact there was compliance with the minimum due process requirements as above stated.

Therefore, the modified petition for habeas corpus is hereby **DISMISSED** and all pending motions are likewise **DISMISSED**.

So **ORDERED** this _18th_ day of August, 1999 in Brownsville, Texas.

Filemon B. Vela
United States District Judge